UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JOE MARTINEZ,** *individually*
*and on behalf of all others*
*similarly situated***,**

  **Plaintiff,**

v.              Civil No. 5:23-CV-576

**SAN ANTONIO RETAIL MERCHANTS**
**ASSOCIATION INCORPORATED,**   **JURY TRIAL DEMANDED**

  **Defendant.**

## CLASS ACTION COMPLAINT

Come now the Plaintiff, JOE MARTINEZ, individually and on behalf of all other similarly situated individuals, for his Class Action Complaint and allege the following individual and class claims:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681a–x, which imposes several important requirements on consumer reporting agencies, such as the Defendant, that sell employment-related consumer reports.

2. Separately, the FCRA imposes numerous requirements on consumer reporting agencies ("CRA") like Defendant that apply in every context. One such requirement is that CRAs provide consumers with all the information the CRA possesses about a consumer at the time the consumer requests that information. This is commonly known as a file disclosure, and the FCRA demands that it include not only all information, but also the sources of the information in the

consumer's file, and comprehensive list of everyone, including end users, to whom the CRA has provided a report about the consumer. 15 U.S.C. § 1681g(a)(1)–(3).

3. Defendant is a consumer reporting agency ("CRA") as defined by FCRA.

4. Defendant obtains consumer information bearing on consumers' character, general reputation, personal characteristics and mode of living from myriad sources such as criminal and traffic records, social security number information, sex offender registries, sanctions and debarments records, Department of Health & Human Services inspector general records, Food & Drug Administration debarment records, Office of Foreign Asset Control records, and U.S. General Services Administration excluded persons list.

5. After acquiring consumer information from its sources, Defendant regularly assembles that information into a report, which it then sells to third parties. In this case, Defendant sold information to other CRAs, which then sells the information contained in the reports to other third-parties, which in this case are prospective employers.

6. Defendant sells such consumer reports to customers throughout the country, using facilities of interstate commerce to transmit such reports, including but not limited to electronic transmission.

7. Plaintiff was a victim of an inaccurate consumer report sold by Defendant to Plaintiff's prospective employer, World Car Mazda Kia/San Antonio (hereinafter "World Car Mazda"). Plaintiff was denied employment because World Car Mazda relied on the inaccurate and derogatory consumer report about him.

8. Defendant reported derogatory information about Plaintiff to World Car Mazda for employment purposes, yet it did not provide Plaintiff with contemporaneous notice that it was reporting that information.

9. As a result of World Car Mazda's use of the erroneous consumer report sold by Defendant, Plaintiff was left jobless and humiliated.

10. Plaintiff brings an individual claim against Defendant for violations of Section 1681e(b) of the FCRA, because Defendant failed to have in place reasonable procedures to assure the maximum possible accuracy of the information it was reporting about Plaintiff.

11. Plaintiff also brings an individual claim under Section 1681i of the FCRA because he disputed the inaccurate information with Defendant twice, but Defendant did not do anything with the first dispute, including communicating the results of its investigation to Plaintiff.

12. Plaintiff brings a nationwide class claim against Defendant under Section 1681k(a)(1) of the FCRA, because Defendant reported derogatory information about Plaintiff to World Car Mazda for employment purposes but did not provide Plaintiff with contemporaneous notice that it was providing that information to World Car Mazda.

**PARTIES**

9. Plaintiff Joe Martinez is a "consumer" as defined by 15 U.S.C. § 1681a.

10. Mr. Martinez lives in San Antonio, Texas.

11. Defendant San Antonio Retail Merchants Association Incorporated is a corporation with his principal place office located at 555 E. Ramsey, San Antonio, TX 78216.

12. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), that compiles, sells, furnishes, and uses consumer reports and services in the District of Maryland and throughout the United States.

**JURISDICTION AND VENUE**

13. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

14. Venue is proper in the District of Texas, San Antonio Division, because Defendant is subject to personal jurisdiction in this District, maintains its principal place of business in this District, and makes employment decisions and/or sells consumer reports regarding individuals residing in this District from its business located in this District. 28 U.S.C. § 1391(c).

## FACTUAL ALLEGATIONS

15. In or about August 2021 Plaintiff applied for a position with World Car Mazda. As a requirement for potential employment, Plaintiff had to agree to a background check.

16. World Car Mazda utilized the services of Defendant who provided a background report on Plaintiff.

17. Said background report contained many falsehoods about Plaintiff, most damaging being that he had been convicted of several crimes, including Driving While Intoxicated, Possession of a Controlled Substance and Delivery of a Controlled Substance, all of which are false.

18. Defendant provided that report to World Car Mazda, which contained public-record information likely to negatively impact Plaintiff's ability to obtain employment, but did not provide Plaintiff with contemporaneous notice that it was doing so.

19. The severity of the false criminal charges led World Car Mazda to decline hiring Plaintiff for the position which he applied for.

20. On September 9, 2021, Plaintiff sent a very detailed dispute letter to Defendant containing a plethora of evidence that he was the victim of identity theft and that the criminal charges were inaccurately being attributed to him.

21. In that letter Plaintiff included from the original court records a picture of the actual criminal who was arrested, as well as a copy of Plaintiff's driver's license so that it could be seen

4

that he looks nothing like the individual arrested. Plaintiff also included an image of his Social Security card as well as a letters from the Texas Department of Public Safety as well as the District Attorney of Collin County, TX confirming that Plaintiff is a victim of identity theft.

22. Plaintiff did not receive a response from Defendant as to his dispute letter.

23. Defendant has previously been sued for its violations of the FCRA, and thus it knows that it is governed by the FCRA. It is aware of the entire text of the FCRA and its legislative history as well as the regulatory oversight by the Federal Trade Commission.

24. Defendant accesses large databases of public records and related employment histories as a nationwide CRA. It accesses and compiles databases to prepare and furnish consumer reports for employment and other purposes. Defendant provided these consumer reports to prospective and existing employers, including World Car Mazda and the prospective employers of putative class members. These employers refused to hire Plaintiff and other putative class members based in whole or in part on the contents of the consumer reports.

25. Defendant does not supply any notice to consumers about whom it has sold a report to employers, and which contain adverse public-record information, such as a criminal records in the cases of Plaintiff.

26. Defendant does not maintain any procedure by which it ensures that the information it reports to its customers is complete or up-to-date. Defendant therefore cannot rely on this option for complying with 15 U.S.C. § 1681k(a).

27. Plaintiff Martinez asserts nationwide class claims against Defendant under 15 U.S.C. § 1681k(a), because it provided the CRA, and ultimately these Plaintiffs' employer, with a consumer report containing inaccurate criminal information likely to adversely affect Plaintiff's

ability to obtain employment without providing Plaintiffs with notice at the time it provided the report to World Car Mazda.

28. Plaintiff also brings an individual claim under 15 U.S.C. § 1681e(b) against Defendant because of inaccuracies contained in their consumer reports. Defendant sold a report about Plaintiff that "accurately" reported he was convicted of a crime, but which was false.

## GENERAL FACTUAL ALLEGATIONS

29. During the class period, Defendant furnished an employment-purposed consumer report concerning Plaintiff to a third party, World Car Mazda.

30. Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer credit report information by CRAs, including public record information like criminal history.

31. Additionally, the FCRA mandates conditions, procedures, and limitations on the use of consumer reports for employment purposes by CRAs, prospective employers, and other individuals.

32. The FCRA mandates that a report user, before taking any adverse action based in whole or in part on a consumer report, must provide to the consumer a copy of the applicant's report and a summary of the applicant's rights under the FCRA.

33. Defendant has in place agreements with World Car Mazda whereby Defendant furnishes customized, employment-purposed consumer reports about consumers.

34. Defendant has an independent obligation to comply with the FCRA.

35. Defendant's violations of the FCRA have been willful, wanton, and reckless in that it knew, or should have known, that it was failing to comply with the requirements of the FCRA.

36. Defendant willfully disregards its duties under the FCRA, which exacts serious consequences on job applicants and interstate commerce. The natural result of Defendant's failures to abide by the conditions, procedures, and limitations of the FCRA prejudices consumers' ability to challenge information contained in consumer reports it sells to third parties.

## CLASS ACTION ALLEGATIONS

### PLAINTIFF'S PROPOSED CLASS

37. Plaintiff brings this action on a class basis, with the putative class as set forth below.

38. ***The § 1681k(a)(1) Notice Class.*** Pursuant to Federal Rule of Civil Procedure 23 and 15 U.S.C. § 1681k, Plaintiff bring this action for himself and on behalf of the following "Section 1681k Notice Class," of which he is a member, initially defined as:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of a consumer report issued after September 9, 2021, (b) that was furnished by Defendant to a third party, (c) that contained at least one record of a criminal conviction or arrest, and (d) to whom Defendant did not place in the United States mail postage pre-paid, on the day it furnished the report, a written notice to the subject consumer that it was furnishing the report and containing the name of the person that was to receive the report.

39. **Numerosity.** Upon information and belief, the putative Class exceeds 50 members each. Information concerning the exact size of the putative Class is within the exclusive possession of Defendant or its agents.

40. The Class members are so numerous and geographically dispersed that joinder of all members is impracticable.

41. **Typicality.** Plaintiff's claims are typical of the claims of the other Class members as all Class members were similarly affected by Defendant's unlawful conduct in violation of the FCRA.

42. **Adequacy.** Plaintiff will fairly and adequately protect the interest of the Class Members and have retained counsel competent and experienced in complex litigation. Plaintiff is a member of the Class and does not have any interests antagonistic to or in conflict with the members of the Class. Plaintiff's claims are the same as those of the Class, which all arise from the same operative facts and are based upon the same legal theories.

43. **Commonality.** Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members, including by example only and without limitation:

   a. Whether the uniform failure to provide a timely notice Defendant was furnishing employment purposed consumer reports containing a negative public record violated the FCRA;

   b. Whether Defendant maintains strict procedures designed to insure complete and up-to-date reports when it never obtains a complete and up-to-date court record, therefore § 168lk(a)(2) is inapplicable;

   c. The amount of statutory damages to award Plaintiff and class members for Defendant's violations of the FCRA; and

   d. Whether Defendant's violations of the FCRA were willful.

44. **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the membership of the Class is so numerous and involves claims that, taken individually, may not justify the costs and effort of bringing suit.

45. Further, the prosecution of several actions by individual members of the Class would create a risk of varying adjudications with respect to members of the Class, as well as create inconsistent standards of conduct for those opposing the Class. Additionally, individual actions by members of the Class may be dispositive of the interests of other members not parties to the

adjudication of the claim, which would impair or impede the ability of those individuals to protect their interests.

46.     **Predominance.**   The claims of the Class members, including the common questions of law and fact, predominate over any individual facts or legal issues present in the class claims.  There are no factual or legal issues that differ among the putative class members. The principal issues are: (a) whether Defendant sold a consumer report to employers or potential employers about Plaintiff and each putative class member, which contained adverse public-record information, without providing contemporaneous notice that it was doing so; (b) whether and how Defendant maintained strict procedures to ensure that the criminal public records were complete and up-to-date; (c) whether Defendant acted negligently; (d) whether Defendant's violations were negligent, reckless, knowing or intentionally committed in conscious disregard for the rights of the Plaintiffs and putative Class Members; and (e) the amount of statutory and punitive damages that should be assessed for Defendant's violations.

47.     The members of the Class can be identified and ascertained by using the Defendant's records, records maintained by its customers and the end-users of consumer reports furnished by Defendant to its CRA clients.

## CLAIMS FOR RELIEF

### COUNT ONE – CLASS CLAIM
**Failure To Provide "At The Time" Notice – 15 U.S.C. § 1681k(a)(1)**

48.     Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

49. The consumer report of Plaintiff and of each member of the "1681k Notice Class" was furnished for an employment purpose and contained one or more public records of the type that may adversely affect an employer's hiring decision.

50. As to Plaintiff and the "1681k Notice Class," Defendant uniformly fails to comply with the rigors of FCRA § 1681k(a)(2) and therefore must necessarily rely on its compliance with § 1681k(a)(1).

51. Discovery will show that Defendant obtains public records including criminal records from a third-party consumer reporting agency and does not attempt to obtain this information through its own courthouse searches.

52. Had it done such a search in Plaintiff's case, Defendant would have seen a photograph in the records confirming that Plaintiff was not the offender in the records Defendant attributed to Plaintiff.

53. Discovery will also show that as to the "1681k Notice Class," Defendant did not send such class members a notice pursuant to 15 U.S.C. § 1681k(a)(1).

54. Discovery will further confirm that as to the "1681k Notice Class," Defendant did not itself or by its own court researchers or vendors attempt to verify the completeness or current status of the public records pursuant to 15 U.S.C. § 1681k(a)(2), within 30 days before it furnishes and sells these records in one of its reports.

55. Defendant's failure to timely provide the required FCRA notices to the Plaintiff and other members of the "1681k Notice Class" violated 15 U.S.C. § 1681k(a)(1).

56. The conduct, action, and inaction of Defendant was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

57. Plaintiffs and other members of the putative "1681k Notice Class" are entitled to recover costs and attorneys' fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**COUNT TWO – INDIVIDUAL CLAIM**
**Failure To Ensure Maximum Possible Accuracy – 15 U.S.C. § 1681e(b)**

58. Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

59. The consumer report about Plaintiff inaccurately reported numerous false criminal convictions. Plaintiff has no such criminal history.

60. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding Plaintiff.

61. As a result of this conduct by Defendant, Plaintiff suffered actual damages, including without limitation, by example only and as described herein on her behalf by Counsel: loss of employment, damage to reputation, embarrassment, humiliation, and other emotional and mental distress.

62. Defendant's violations of 15 U.S.C. § 1681e(b) were reckless or willful, rendering Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

63. Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorneys' fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT THREE – INDIVIDUAL CLAIM
### Failure To Reasonably Investigate Dispute – 15 U.S.C. § 1681i

64. Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

65. Defendant willfully violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's consumer file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Plaintiff's creditors and/or creditors' attorneys; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

66. Further, Defendant violated Section 1681i by conducting no investigation at all. Section 1681i demands that when Plaintiff notified Defendant directly of his disputes, that party—the consumer reporting agency who received the disputes—must investigate those disputes. The statute does not contemplate a CRA doing nothing with a bone fide dispute such as Plaintiff's

67. Yet, Defendant did nothing with Plaintiff's first dispute. Plaintiff identified to Defendant the problem with its reporting, and Defendant did nothing with that information and did not correct the inaccuracies.

68. Likewise, Defendant did not report the results of the investigation to Plaintiff.

69. As a result of Defendants' violations of 15 U.S.C. § 1681i, the Plaintiff is entitled to recover his actual damages pursuant to 15 U.S.C. § 1681n and/or § 1681o, or in the alternative his statutory damages of between $100 and $1,000 pursuant to 15 U.S.C. § 1681n.

70. Defendants' conduct, action, and inaction was willful, rendering each Defendant liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

71. The Plaintiff is entitled to recover his costs and attorneys' fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff and the putative Class respectfully pray for the following relief:

A. An order certifying the proposed class herein pursuant to FED. R. CIV. P. 23 and appointing the undersigned counsel to represent them;

B. The creation of a common fund available to provide notice of and remedy Defendant's unlawful conduct;

C. That judgment be entered for Plaintiff individually for actual and/or statutory damages and punitive damages against Defendant for violation of 15 U.S.C. §§ 1681e(b) and 1681i, pursuant to 15 U.S.C. §§ 1681n and 1681o;

D. Statutory and punitive damages for all class claims;

E. Attorneys' fees, expenses, and costs;

F. All other relief, including equitable relief, as the Court deems appropriate; and

G. Pre-judgment and post-judgment interest as provided by law.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,

**JOE MARTINEZ,** *individually and on behalf of and all others similarly situated*

By: ___/s/ J. Patrick Cohoon___

J. Patrick Cohoon
LEGER KETCHUM & COHOON, PLLC
179 S. Main Street, Suite 102
Boerne, Texas 78006
210.504.4401 - direct / e-fax
210.504.4401 - main fax
210.504.4400 - main

Craig C. Marchiando, TX Bar No. 24046347
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
craig@clalegal.com

*Attorneys for Plaintiff*
